**Date:** January 4th, 2023
**Case Number:** 20-12583-KHK
**Adversary Processing Case Number:** 22-01094-KHK

FILED
FRONT COUNTER
2023 JAN -4 PM 3: 35
CLERK
US BANKRUPTCY COURT
ALEXANDRIA DIVISION

To the Honorable Court,

I am writing to explain why the following Answer to the Complaint missed the deadline, and am kindly and respectfully asking that you accept my Answer responding *pro se*. Although the Complaint was filed on November 30th, 2022, I was served the summons from the Plaintiff on approximately Tuesday, December 13th, 2022 at my office to my surprise. Although I called multiple attorneys, I was unable to secure Bankruptcy Counsel due to the timing around the holidays and short time to respond.

Despite these unfortunate circumstances, I wanted to defend myself against the claims made in the Complaint and return an Answer as soon as possible. Accordingly, in response, I worked with my son, who is a data scientist and graduate student - Samy Kebaish - to assist me in responding *pro se* to the best of my abilities using the available resources. Moreover, it is to be noted that communication regarding the circumstances was made to opposing counsel about the delay, and they did not oppose this delay.

I want to apologize again for the inconveniences and hope that the Honorable Court will accept this Answer due to the aforementioned circumstances.

/s/ *Adel S. Kebaish, Pro se*
Adel S. Kebaish, M.D.
2333 Hunter Mill Road
Vienna, VA 22181
adelsamsoon@hotmail.com
(703) 282-4729
*Pro se on behalf of the Defendants*

**Signature:** _____
Adel S. Kebaish, M.D.

**Date:** 1/4/2023

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br>MOHAMED A. EL RAFAEI,<br><br>  Debtor | Bankruptcy Case<br>Case No. 20-12583-KHK<br>Chapter 7 |
| H. JASON GOLD, CHAPTER 7 TRUSTEE<br><br>  P.O. Box 57359<br>  Washington, DC 20037<br><br>  Plaintiff<br><br>v.<br><br>ADÈL S. KEBAISH<br>  2333 Hunter Mill Road<br>  Vienna, Virginia 22181<br><br>and<br><br>TYSONS LLC a/k/a/ TYSON'S LLC<br>  2333 Hunter Mill Road<br>  Vienna, Virginia 22181<br><br>  Defendants | Adversary Processing Case No. 22-01094-KHK |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

Defendants, Adel S. Kebaish, M.D., ("Dr. Kebaish") and Tysons LLC a/k/a Tyson's LLC, ("Tysons LLC") in answer to the Complaint state:

1. I do not know if the statements in Paragraph 1 are true.

2. I agree with the statement in Paragraph 2.

3. I agree with the statement in Paragraph 3.

4. I agree with the Statement in Paragraph 4.

5. I do not know if the statements in Paragraph 5 are true.

1

6. I do not know if the statements in Paragraph 6 are true.

7. I do not know if the statements in Paragraph 7 are true.

8. I do not know if the statements in Paragraph 8 are true.

9. I do not know if the statements in Paragraph 9 are true.

10. I agree with the statement in Paragraph 10.

11. I agree with the statement in Paragraph 11.

12. I disagree with the statement in Paragraph 12 because the Lease's term is from December 1, 2019 to November 30, 2024.

13. I agree with the statement in Paragraph 13.

14. I disagree with the statement in Paragraph 14 as a Bank of America check of $45,000.00, numbered 1578, dated October 26th, 2019, with the memo of "lease deposit," signed by the Debtor, was paid to the order of "Tysons LLC/Dr. Adel Kebaish" constituting one month of rent and two months security deposit, in accordance with the Lease terms. Furthermore, after the deposit of this check on 10/31/2019 to the time the Debtor filed for Bankruptcy, no rent payments were made to the Defendants. Namely, no rent payments were collected during the buildup period of the Lease (from December 1st, 2019 to March 31, 2020), and no checks were received in the interim period of time until the Debtor filed for Bankruptcy due to impacts of the COVID-19 Pandemic and since the Debtor and Anis Rhanime d/b/a Cafe Concepts LLC were in the process of receiving construction permits from Fairfax County.

15. I agree with the statement in Paragraph 15.

16. I disagree with the statement in Paragraph 16 because the Debtor's ordinary course of business before filing for bankruptcy included paying rent and other costs associated with the

2

property. Moreover, these payments were authorized by multiple Orders made by this very Court. On March 23, 2021, this very Court ordered that the deadline for the Debtor to assume or reject the commercial property lease for space located at 7787 Leesburg Pike, Vienna, Virginia, by and between the Debtor and Adel Kebaish and MD.Tysons LLC, be and hereby is extended to August 23, 2021. On September 5th, 2021, this very Court ordered that the deadline for the Debtor to assume or reject the commercial property lease for space located at 7787 Leesburg Pike, Vienna, Virginia, by and between the Debtor and Adel Kebaish and MD.Tysons LLC, be and hereby is extended to December 23, 2021. On January 10th, 2022, this very Court ordered that the deadline for the Debtor to assume or reject the commercial property lease for space located at 7787 Leesburg Pike, Vienna, Virginia, by and between the Debtor and Adel Kebaish and MD. Tysons LLC, be and hereby is extended to February 28, 2022.

17.     I disagree with the statement in Paragraph 17 because all rent payments were made "in the ordinary course of business" as stated in 11 U.S.C.§ 363 (c) and were authorized by this very Court by the aforementioned Court Orders.

## COUNT I

### For avoidance of a Post-Petition Transfers – 11 U.S.C.§ 549

18.     Defendants repeats each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19.     I disagree with Paragraph 19 because the aforementioned payments were authorized by Orders by the very Court, made in the ordinary course of business, and these payments were not in violation of 11 U.S.C. § 549, and are not subject to avoidance.

20.     I disagree with this statement because the payments were authorized by Orders by this very Court, made in the ordinary course of business, did not violate 11 U.S.C. § 549, and are

3

not subject to avoidance and hence do not entitle the Plaintiff to avoid the transfers set forth above.

21. I agree with this statement in Paragraph 21

22. I agree with the statement in Paragraph 22.

23. I disagree with the statement in Paragraph 23 because the payments were done in the ordinary course of business and under the authority of Orders by this very Court.

24. I disagree with the statement in Paragraph 24 because the payments were done in the ordinary course of business and under the authority of Orders by this very Court.

## COUNT II

### To Disallow Claims - 11 U.S.C § 502

25. Defendants repeats each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. I disagree with the statement in Paragraph 26 because the Plaintiff is not entitled by law to disallow any payments because all payments were done in the ordinary course of business

27. I disagree with the statement in Paragraph 27 because all payments were done in the ordinary course of business and under the authority of orders by this very Court.

## COUNT III

### To Recover Property - 11 U.S.C. § 550

28. Defendants repeats each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. I disagree with the statement in Paragraph 29 because the referenced payments were done in the ordinary course of business, under the authority of Orders by this very Court, and does not entitle the Plaintiff to avoid the referenced transfers.

30. I agree with the statement in Paragraph 30.

4

31.   I disagree with the statement in Paragraph 31 because 11 U.S.C § 550 does not entitle the Plaintiff to an order and judgment to recover the value of the transfers, as payments were made in the ordinary course of business, and under the authority of the Orders of this very Court.

## COUNT IV

### To Preserve the Transfers – 11 U.S.C. § 551

32.   Defendants repeats each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33.   I do not know if the statements in Paragraph 33 are true.

34.   I disagree with the statement in Paragraph 34 because 11 U.S.C § 551 does not entitle the Plaintiff to an order and judgment to recover the value of the transfers, as payments were made in the ordinary course of business, and under the authority of the Orders of this very Court.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Defendants respectfully requests that this Honorable Court enter judgment for the Defendants, denying the Plaintiff's prayer for relief asl payments were conducted in the ordinary course of business and under the authority of Orders by this very Court. The claims made in the Complaint by the Plaintiff against the Defendants appears to have been done in bad faith and ~~the Defendants respectfully ask the Honorable Court to respond as the Court deems fit to discourage such frivolous lawsuits as made by the Plaintiff.~~

/s/ Adel S. Kebaish, Pro se
Adel S. Kebaish, M.D.
2333 Hunter Mill Road
Vienna, VA 22181
adelsamsoon@hotmail.com
(703) 282-4729
*Pro se on behalf of the Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 4th, 2023</u>, a true and correct copy of the foregoing instrument has been forwarded by electronic transmission (e-mail) to counsel of record: Charles B. Peoples at <u>cpeoples@tthlaw.com</u>

<u>/s/ Adel S. Kebaish, Pro se</u>
Adel S. Kebaish, M.D.
2333 Hunter Mill Road
Vienna, VA 22181
adelsamsoon@hotmail.com
(703) 282-4729
*Pro se on behalf of the Defendants*

6

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
___Alexandria___ Division

In re: MOHAMED A. EL RAFAEI              Case No. 20-12583-KHK
                                         Chapter  7
    Debtor(s)

H. JASON GOLD, CHAPTER 7 TRUSTEE
P.O. Box 57359, Washington DC 20037
    Plaintiff(s)                         Adversary Proceeding No. 22-01094-KHK
v.
ADEL S. KEBAISH - 2333 Hunter Mill Road, Vienna, VA 22181
and TYSONS LLC - 2333 Hunter Mill Road, Vienna, VA
    Defendant(s)

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1**

Document Title:
Date Document Filed:
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☑ No attorney has prepared or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

ADEL S. KEBAISH
Name of Pro Se Party (Print or Type)       Name of Pro Se Party (Print or Type)

/s/ signature                              /s/ signature
Signature of Pro Se Party                  Signature of Pro Se Party

Executed on: __January 4th, 2023_____ (Date)

[2090edva ver. 09/17]

*FILED FRONT COUNTER 2023 JAN -4 PM 3:35 CLERK US BANKRUPTCY COURT ALEXANDRIA DIVISION*