**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | * | |
| | | Bankruptcy Case |
| MOHAMED A. EL RAFAEI, | * | Case No. 20-12583-KHK |
| | | Chapter 7 |
|     Debtor. | * | |
|   *   *   *   *   * | * | *   *   *   *   * |
| H. JASON GOLD, CHAPTER 7 TRUSTEE | * | |
|     P.O. Box 57359 | * | |
|     Washington, DC 20037 | | |
| | * | |
|     Plaintiff | | |
| | * | Adversary Proceeding |
| v. | | Case No. 22-01094-KHK |
| | * | |
| ADEL S. KEBAISH | | |
|     2333 Hunter Mill Road | * | |
|     Vienna, Virginia 22181 | | |
| | * | |
|     and | | |
| | * | |
| TYSONS LLC a/k/a TYSON'S LLC | | |
|     2333 Hunter Mill Road | * | |
|     Vienna, Virginia 22181 | | |
| | * | |
|     <u>Serve On:</u> | | |
|     Adel S. Kebaish, R/A | * | |
|     2333 Hunter Mill Rd. | | |
|     Vienna, Virginia 22181 | * | |
| | | |
|     and | * | |
| | | |
| TYSONS7787 LLC a/k/a TYSONS 7787 LLC | * | |
|     2333 Hunter Mill Road | * | |
|     Vienna, Virginia 22181 | | |
| | * | |
|     <u>Serve On:</u> | | |
|     Adel S. Kebaish, R/A | * | |
|     2333 Hunter Mill Rd. | | |
|     Vienna, Virginia 22181 | | |

**Defendants**                         *

\*     *     *     *     *     *     *     *     *     *     *     *

## AMENDED COMPLAINT

NOW COMES, H. Jason Gold, Chapter 7 Trustee ("Trustee" or "Plaintiff"), by and through undersigned counsel, and hereby files this Amended Complaint against Adel S. Kebaish and Tysons LLC a/k/a Tyson's LLC and Tysons7787 LLC a/k/a Tysons 7787 LLC (hereinafter collectively referred to as "Defendants"), and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 502, 549, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code") to recover transfers made to Defendants.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has personal jurisdiction over the Defendants because they conducted business in this District, directed activities toward Debtor in this District, interacted with Debtor in this District, and/or the transfers at issue occurred, in whole or in part, in this District.

### PROCEDURAL BACKGROUND

5. On November 23, 2020, Mohamed A. El Rafaei ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6. On August 2, 2022, this Court entered an Order Approving Appointment of H. Jason Gold as Chapter 11 Trustee.

7. On August 17, 2022, this Court entered an Order Granting a Motion to Convert Case to Chapter 7.

8. H. Jason Gold has been appointed Chapter 7 Trustee for the Debtor's estate and serves in such capacity pursuant to 11 U.S.C. § 702(d).

**FACTS**

9. The Debtor is a member of Café Concepts LLC.

10. On October 29, 2019, "Mohamed Elrafaei & Anis Rhanime doing business as Café Concepts, LLC" entered into a lease with "Adel S. Kebaish, MD/Tysons LLC" for commercial property at "7787 Leesburg Pie, Falls Church, Suite 100, VA 22043." Tysons7787 LLC a/k/a Tysons 7787 LLC owns that property. Adel S. Kebaish is believed to own Tysons LLC a/k/a Tyson's LLC and Tysons7787 LLC a/k/a Tysons 7787 LLC.

11. There is a handwritten note on the Lease stating, "Mohamed El Rafaei is personally guarantor of the whole lease amount."

12. The Lease's term was December 1, 2019 to November 30, 2024.

13. The Lease required monthly payments of $15,000.00 starting on April 1, 2020.

14. Before the Debtor filed for bankruptcy, he did not pay any of the rent due under the lease. Instead, Anis Rhanime paid all of the rent due.

15. After the Debtor filed for Chapter 11 bankruptcy as a Debtor-in-Possession, he made the following payments out of the Debtor-in-Possession account to one or more of the Defendants for rent or other costs associated with the property totaling $101,583.00.

| Date | Amount |
|---|---|
| 2/8/21 | $15,000.00 |
| 3/5/21 | $15,000.00 |
| 4/10/21 | $15,000.00 |
| 5/12/21 | $8,000.00 |
| 5/14/21 | $3,000.00 |
| 5/14/21 | $4,000.00 |
| 6/3/21 | $8,000.00 |
| 7/9/21 | $10,583.00 |
| 8/7/21 | $15,000.00 |
| 9/21/21 | $8,000.00 |
| **TOTAL** | **$101,583.00** |

16. The Debtor did not make these payments in the ordinary course of business because the Debtor's ordinary course of business before filing for bankruptcy did not include paying rent and other costs associated with the property.

17. 11 U.S.C. § 363(c) authorizes transactions involving property of the estate only "in the ordinary course of business." The aforementioned payments were not authorized by this section or any other provision of the Bankruptcy Code.

**COUNT I**
**For Avoidance of a Post-Petition Transfers – 11 U.S.C. § 549**

18. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19. The payments set forth above and made after the Petition Date were not authorize by this Court, the Estate or the law, and therefore, violated 11 U.S.C. § 549, and is subject to avoidance.

20. Plaintiff is entitled to avoid the transfers set forth above.

21. Defendants were the initial transferee of the transfers.

22. The transfers constitute property of the Debtor's estate.

23. Plaintiff is entitled to recover the full value of the transfer and the Defendants are liable for the full value of the transfers pursuant to Section 550 of the Bankruptcy Code.

24. The aforementioned avoidable transfers should be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## COUNT II
### To Disallow Claims – 11 U.S.C. § 502

25. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff seeks to disallow, pursuant to 11 U.S.C. § 502(d) and (j), any and all claims that the Defendants have filed or asserted or do file or assert against the Estate of the Debtor that made avoidable transfers, until such time that Defendants pay an amount equal to the aggregate amount of the transfers attributable to them, plus interest thereon and costs.

27. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including but not limited to any reason set for in 11 U.S.C. § 502.

## COUNT III
### To Recover Property – 11 U.S.C. § 550

28. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. As alleged above, Plaintiff is entitled to avoid the above referenced transfers.

30. Defendants were the initial transferee, the entity for whose benefit the transfer was made, or an immediate or mediate transferee of such initial transferee.

31. Plaintiff is entitled to recover the value of the transfers under 11 U.S.C. § 550, and is entitled to an order and judgment in the amount of the transfers.

## COUNT IV
### To Preserve the Transfers – 11 U.S.C. § 551

32. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. The transfers described above are property of the estate of the Debtor.

34. The transfers described above should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants granting the following relief:

A. Avoiding the above referenced transfers, holding the Defendants liable for the transfers that they received, and directing the Defendants to return to the Plaintiff the amount of the transfers that they received plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed under applicable law, together with the costs and expenses of this action to the fullest extent allowed under applicable law pursuant to 11 U.S.C. §§ 549 and 550;

B. Preserving for the benefit of the Estate the above referenced transfers or the value thereof pursuant to 11 U.S.C. § 551;

C. Disallowing any and all claims held or filed by any Defendants against the Estate of the Debtor until that Defendants return the amount of any transfers attributable to them to the Plaintiff pursuant to 11 U.S.C. § 502; and

D. Granting the Plaintiff such other and further relief as this Court may deem just and proper.

*/s/ Charles B. Peoples*
**THOMAS, THOMAS & HAFER, LLP**
Charles B. Peoples, Esquire, VB No. 89981
Thomas, Thomas & Hafer LLP
1025 Connecticut Avenue, NW, Suite 608
Washington, DC 20036
Phone: (202) 945-9501
Cell: (443) 907-6046
Fax: (202) 945-9509
cpeoples@tthlaw.com
*Counsel for Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | | Bankruptcy Case |
| MOHAMED A. EL RAFAEI, | * | Case No. 20-12583-KHK |
| | | Chapter 7 |
| Debtor. | * | |
| * * * * * | * | * * * * * |
| H. JASON GOLD, CHAPTER 7 TRUSTEE | * | |
|     P.O. Box 57359 | * | |
|     Washington, DC 20037 | | |
| | * | |
|     Plaintiff | | |
| | * | Adversary Proceeding |
| v. | | Case No. 22-01094-KHK |
| | * | |
| ADEL S. KEBAISH | | |
|     2333 Hunter Mill Road | * | |
|     Vienna, Virginia 22181 | | |
| | * | |
|     and | | |
| | * | |
| TYSONS LLC a/k/a TYSON'S LLC | | |
|     2333 Hunter Mill Road | * | |
|     Vienna, Virginia 22181 | | |
| | * | |
|     <u>Serve On:</u> | | |
|     Adel S. Kebaish, R/A | * | |
|     2333 Hunter Mill Rd. | | |
|     Vienna, Virginia 22181 | * | |
| | | |
|     <u>and</u> | * | |
| | | |
| <u>TYSONS7787 LLC a/k/a TYSONS 7787 LLC</u> | * | |
|     <u>2333 Hunter Mill Road</u> | * | |
|     <u>Vienna, Virginia 22181</u> | | |
| | * | |
|     <u>Serve On:</u> | | |
|     <u>Adel S. Kebaish, R/A</u> | * | |
|     <u>2333 Hunter Mill Rd.</u> | | |
|     <u>Vienna, Virginia 22181</u> | | |

**Defendants**                            *

\* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

NOW COMES, H. Jason Gold, Chapter 7 Trustee ("Trustee" or "Plaintiff"), by and through undersigned counsel, and hereby files this Amended Complaint against Adel S. Kebaish and Tysons LLC a/k/a Tyson's LLC and Tysons7787 LLC a/k/a Tysons 7787 LLC (hereinafter collectively referred to as "Defendants"), and, in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 502, 549, 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code") to recover transfers made to Defendants.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has personal jurisdiction over the Defendants because they conducted business in this District, directed activities toward Debtor in this District, interacted with Debtor in this District, and/or the transfers at issue occurred, in whole or in part, in this District.

### PROCEDURAL BACKGROUND

5. On November 23, 2020, Mohamed A. El Rafaei ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6. On August 2, 2022, this Court entered an Order Approving Appointment of H. Jason Gold as Chapter 11 Trustee.

7. On August 17, 2022, this Court entered an Order Granting a Motion to Convert Case to Chapter 7.

8. H. Jason Gold has been appointed Chapter 7 Trustee for the Debtor's estate and serves in such capacity pursuant to 11 U.S.C. § 702(d).

## FACTS

9. The Debtor is a member of Café Concepts LLC.

10. On October 29, 2019, "Mohamed Elrafaei & Anis Rhanime doing business as Café Concepts, LLC" entered into a lease with "Adel S. Kebaish, MD/Tysons LLC" for commercial property at "7787 Leesburg Pie, Falls Church, Suite 100, VA 22043." Tysons7787 LLC a/k/a Tysons 7787 LLC owns that property. Adel S. Kebaish is believed to own Tysons LLC a/k/a Tyson's LLC and Tysons7787 LLC a/k/a Tysons 7787 LLC.

11. There is a handwritten note on the Lease stating, "Mohamed El Rafaei is personally guarantor of the whole lease amount."

12. The Lease's term was December 1, 2019 to November 30, 2024.

13. The Lease required monthly payments of $15,000.00 starting on April 1, 2020.

14. Before the Debtor filed for bankruptcy, he did not pay any of the rent due under the lease. Instead, Anis Rhanime paid all of the rent due.

15. After the Debtor filed for Chapter 11 bankruptcy as a Debtor-in-Possession, he made the following payments out of the Debtor-in-Possession account to <u>one or more of</u> the Defendants for rent or other costs associated with the property totaling $101,583.00.

| Date | Amount |
|---|---|
| 2/8/21 | $15,000.00 |
| 3/5/21 | $15,000.00 |
| 4/10/21 | $15,000.00 |
| 5/12/21 | $8,000.00 |
| 5/14/21 | $3,000.00 |
| 5/14/21 | $4,000.00 |
| 6/3/21 | $8,000.00 |
| 7/9/21 | $10,583.00 |
| 8/7/21 | $15,000.00 |
| 9/21/21 | $8,000.00 |
| TOTAL | $101,583.00 |

16. The Debtor did not make these payments in the ordinary course of business because the Debtor's ordinary course of business before filing for bankruptcy did not include paying rent and other costs associated with the property.

17. 11 U.S.C. § 363(c) authorizes transactions involving property of the estate only "in the ordinary course of business." The aforementioned payments were not authorized by this section or any other provision of the Bankruptcy Code.

**COUNT I**
**For Avoidance of a Post-Petition Transfers – 11 U.S.C. § 549**

18. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

19. The payments set forth above and made after the Petition Date were not authorize by this Court, the Estate or the law, and therefore, violated 11 U.S.C. § 549, and is subject to avoidance.

20. Plaintiff is entitled to avoid the transfers set forth above.

21. Defendants were the initial transferee of the transfers.

22. The transfers constitute property of the Debtor's estate.

23. Plaintiff is entitled to recover the full value of the transfer and the Defendants are liable for the full value of the transfers pursuant to Section 550 of the Bankruptcy Code.

24. The aforementioned avoidable transfers should be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## COUNT II
## To Disallow Claims – 11 U.S.C. § 502

25. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Plaintiff seeks to disallow, pursuant to 11 U.S.C. § 502(d) and (j), any and all claims that the Defendants have filed or asserted or do file or assert against the Estate of the Debtor that made avoidable transfers, until such time that Defendants pay an amount equal to the aggregate amount of the transfers attributable to them, plus interest thereon and costs.

27. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including but not limited to any reason set for in 11 U.S.C. § 502.

## COUNT III
### To Recover Property – 11 U.S.C. § 550

28. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. As alleged above, Plaintiff is entitled to avoid the above referenced transfers.

30. Defendants were the initial transferee, the entity for whose benefit the transfer was made, or an immediate or mediate transferee of such initial transferee.

31. Plaintiff is entitled to recover the value of the transfers under 11 U.S.C. § 550, and is entitled to an order and judgment in the amount of the transfers.

## COUNT IV
### To Preserve the Transfers – 11 U.S.C. § 551

32. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. The transfers described above are property of the estate of the Debtor.

34. The transfers described above should be preserved for the benefit of the Debtor's estate pursuant to § 551 of the Bankruptcy Code.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants granting the following relief:

A.    Avoiding the above referenced transfers, holding the Defendants liable for the transfers that they received, and directing the Defendants to return to the Plaintiff the amount of the transfers that they received plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed under applicable law, together with the costs and expenses of this action to the fullest extent allowed under applicable law pursuant to 11 U.S.C. §§ 549 and 550;

B.    Preserving for the benefit of the Estate the above referenced transfers or the value thereof pursuant to 11 U.S.C. § 551;

C.    Disallowing any and all claims held or filed by any Defendants against the Estate of the Debtor until that Defendants return the amount of any transfers attributable to them to the Plaintiff pursuant to 11 U.S.C. § 502; and

D.    Granting the Plaintiff such other and further relief as this Court may deem just and proper.

*/s/ Charles B. Peoples*
**THOMAS, THOMAS & HAFER, LLP**
Charles B. Peoples, Esquire, VB No. 89981
Thomas, Thomas & Hafer LLP
1025 Connecticut Avenue, NW, Suite 608
Washington, DC 20036
Phone: (202) 945-9501
Cell: (443) 907-6046
Fax: (202) 945-9509
cpeoples@tthlaw.com
*Counsel for Chapter 7 Trustee*

THOMAS, THOMAS & HAFER, LLP
1025 CONNECTICUT AVE., NW, SUITE 608
WASHINGTON, DC 20036
~~62404786~~335218.1